UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

ALEX ANSELMO,

                              Plaintiff,

      v.                                                           9:19-CV-0069
                                                                              (DNH/TWD)

P. WOODRUFF, Deputy Superintendent
of Security, in his individual capacity,

                              Defendant.

---

APPEARANCES:

ALEX ANSELMO
Plaintiff, Pro Se
15-A-4491
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Pro se plaintiff Alex Anselmo ("Anselmo" or "plaintiff") commenced this action by filing a complaint for relief pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed in forma pauperis ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 2 ("IFP Application").

By Decision and Order filed January 24, 2019, Anselmo's IFP Application was granted. However, upon review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claim for damages was conditionally dismissed

without prejudice for failure to state a claim upon which relief may be granted. *See* Dkt. No. 4 ("January 2019 Order").

On February 14, 2019, Anselmo filed an amended complaint. Dkt. No. 5 ("Am. Compl."). By Decision and Order filed on March 22, 2019, this Court reviewed the amended complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), found that plaintiff's Fourteenth Amendment due process claim against defendant Woodruff survived initial review, and directed service and a response with respect to that claim. Dkt. No. 6 ("March 2019 Order").

Thereafter, defendant Woodruff answered the complaint, and a Mandatory Pretrial Discovery and Scheduling Order was issued. *See* Dkt. No. 13 ("Answer"); Dkt. No. 14 ("Scheduling Order"). Presently before the Court is a letter from Anselmo, which is addressed to Magistrate Judge Therese Wiley Dancks, and states as follows: "I am writing you to inform you that I wish to have my civil action withdrawn from your court. I do not wish to continue this action. I wish to terminate this action in its entirety." Dkt. No. 16.

Because defendant Woodruff has answered the amended complaint, the Court construes Anselmo's letter as a motion to voluntarily dismiss this action pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1]

Rule 41(a)(2) provides, in relevant part, that, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, [the] dismissal . . . is without

---

[1] Rule 41(a)(1) of the Federal Rules of Civil Procedure governs dismissals without a court order in situations where the notice of dismissal is filed "before the opposing party serves either an answer or a motion for summary judgment[] or . . . a stipulation of dismissal signed by all parties who have appeared."

2

prejudice."

"[T]he presumption in this circuit is that a court should grant a dismissal pursuant to Rule 41(a)(2) absent a showing that defendants will suffer substantial prejudice as a result." *Banco Cent. De Paraguay v. Paraguay Humanitarian Found., Inc.*, No. 01-CV-9649, 2006 WL 3456521, at *2 (S.D.N.Y. Nov. 30, 2006) (internal quotation marks and citation omitted); *Paulino v. Taylor*, 320 F.R.D. 107, 109 (S.D.N.Y. 2017).

"The Second Circuit has set forth factors that are relevant to a district court's determination of whether a defendant would be prejudiced by dismissing an action, including: (1) plaintiff's diligence in bringing the motion; (2) any undue vexatiousness on plaintiff's part; (3) the extent to which the suit has progressed; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *Morehouse v. York*, No. 9:15-CV-0151 (GLS/DJS), 2016 WL 94252, at *2 (N.D.N.Y. Jan. 7, 2016) (citing *Zagano v. Fordham Univ.*, 900 F.2d 12, 14 (2d Cir. 1990)). However, in the circumstance "where no possibility of relitigation at the instance solely of the plaintiff exists, the *Zagano* factors have little, if any, relevance." *Camilli v. Grimes*, 436 F.3d 120, 123 (2d Cir. 2006).

Counsel for defendant Woodruff has responded to Anselmo's letter by indicating that defendant Woodruff "stipulates to dismissal of this action." Dkt. No. 18. Counsel did not argue that dismissal should be with prejudice. *See id*. Thus, in light of the absence of any argument regarding prejudice to defendant Woodruff of granting plaintiff's motion, the Court will grant a dismissal without prejudice pursuant to Rule 41(a)(2).

Therefore, it is

ORDERED that

3

1. Plaintiff's motion to voluntarily dismiss this action (Dkt. No. 16), is **GRANTED**;

2. The amended complaint (Dkt. No. 5) is **DISMISSED without prejudice** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure;

3. The Clerk of the Court shall close this case and reflect that the action is voluntarily dismissed without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and without an award of costs or fees to defendant;

4. Because this case shall be closed, all outstanding motions are **DENIED as moot**; and

5. The Clerk of the Court shall provide the parties with a copy of this Decision and Order.

IT IS SO ORDERED.

Dated: August 29, 2019
Utica, New York.

United States District Judge